1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL ALLEN STERNI,                    No.  2:13-cv-1310 AC

12              Petitioner,

13        v.                                  ORDER &

14   PEOPLE OF STATE OF CALIFORNIA,           FINDINGS AND RECOMMENDATIONS

15              Respondents.

16

17          Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

18   Corpus.  The petition is addressed on its face to the state's Third District Court of Appeal rather

19   than to this federal district court.  Petition, ECF No. 1 at 1.  In this document, petitioner expresses

20   dissatisfaction with his present appellate counsel and moves the state appellate court to appoint

21   him new counsel.  Petitioner also appends a note to the instant filing asking the Clerk of the Court

22   to correct his error if he has not filed in the appropriate court.  Because the petition appears to

23   have been erroneously filed in this court, it should be summarily dismissed.

24          The petition indicates that petitioner is in the process of appealing his June 2012

25   conviction for obstructing or resisting executive officers in the performance of their duties (Cal.

26   Pen. Code § 69).  See Petition.  The docket for the pending appeal, viewed on the website of the

27   California Courts, reflects that the opening brief on appeal was filed on May 31, 2013 and

28

1

1    respondent's brief is due on July 30, 2013.[1]  Because petitioner's conviction is not yet final upon

2    the conclusion of direct review, any application to this court for a writ of habeas corpus pursuant

3    to 28 U.S.C. § 2254 is premature.  See 28 U.S.C. § 2244(d)(1) (time to file federal petition runs

4    from finality of conviction); see also Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) (a

5    conviction is final when the availability of appeal, including certiorari, is exhausted).  Because a

6    petition pursuant to § 2254 would be premature, the instant pleading should not be construed as

7    such.

8            The exhaustion of state court remedies is a prerequisite to the granting of a federal petition

9    for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be

10   waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion may

11   not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

12   highest state court with a full and fair opportunity to consider all claims before presenting them to

13   the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

14   1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  Because it is plain that petitioner

15   has not exhausted his state remedies, any § 2254 petition would be subject to dismissal on

16   grounds of non-exhaustion.

17           Finally, because the petition must be dismissed,[3] the court will overlook petitioner's

18   failure either to have paid the filing fee or to have submitted a declaration that makes the showing

19   required by 28 U.S.C. § 1915(a) to proceed in forma pauperis.

20           Accordingly, IT IS ORDERED that the Clerk of the Court make a random district judge

21
22   [1] The court takes judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).

23
24   [2] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

25
26   [3]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

27
28

1  assignment to this case.

2        IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas

3  corpus be summarily dismissed as erroneously filed in this court.

4        These findings and recommendations will be submitted to the United States District Judge

5  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

6  after being served with these findings and recommendations, petitioner may file written

7  objections with the court.  The document should be captioned "Objections to Findings and

8  Recommendations."  Petitioner is advised that failure to file objections within the specified

9  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

10  (9th Cir. 1991).

11  DATED: July 9, 2013

12

13

14                                                    ALLISON CLAIRE
                                                     UNITED STATES MAGISTRATE JUDGE

15

16

17

18  AC:009
    Ster1310.dsm
19

20

21

22

23

24

25

26

27

28

                                              3